```
Name, Address, Telephone No. & I.D. No.
John L. Smaha, Esq.      Bar No. 95855
Gustavo E. Bravo, Esq.   Bar No. 218752
SMAHA LAW GROUP
7860 Mission Center Court, Suite 100
San Diego, California 92108
Telephone:  (619) 688-1557
Facsimile:  (619) 688-1558
```

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

BASIL RAFFO

BANKRUPTCY NO. 07-03657

Tax I.D.(EIN)#:_____/S.S.#:XXX-XX-____  Debtor.

## NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that Basil Raffo_____,
(select one:)   [ ] the Trustee    [ ] United States Trustee    [ X ] Debtor-in-Possession    [ ] Creditor, herein, proposes to:

[ ]   Use, sell or lease the following property not in the ordinary course of business [include information as required by Federal Rule of Bankruptcy Procedure 2002(c)(1)]; or


[ ]   Abandon the following property [description of property to be abandoned]; or


[ X ]   Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or
Debtor has settled a dispute with his ex-wife, Rita Yako. Ms. Yako filed an adversarial complaint against the Debtor on January 31, 2008, case No. 08-90039, and agreed to settle the matter through a Settlement Agreement and Mutual Release. Further details are provided in Attachment A hereto.

[ ]   Seek allowance of compensation or remuneration to debtor as follows [specify the nature]; or


[ ]   Other [specify the nature of the matter]:


CSD 1180                                                                                          [Continued on Page 2]

If you object to the proposed action:

1. **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. *If a Chapter 7, 11, or 12 case,* determine which deputy to call by looking at the Bankrupty Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

    - JM  - call (619) 557-6019  - DEPARTMENT ONE (Room 218)
    - LA  - call (619) 557-6594  - DEPARTMENT TWO (Room 118)
    - LT  - call (619) 557-6018  - DEPARTMENT THREE (Room 129)
    - PB  - call (619) 557-5157  - DEPARTMENT FOUR (Room 328)

    For <u>ALL</u> *Chapter 13 cases,* call (619) 557-5955.

2. **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF SERVICE OF THIS MOTION**, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned moving party, together with any opposing papers. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

    a. identify the interest of the opposing party; and

    b. state, with particularity, the grounds for the opposition.

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the moving party may proceed to take the intended action.

DATE OF SERVICE: 1/9/09

/s/ Gustavo E. Bravo
Gustavo E. Bravo, Esq.
Smaha Law Group, APC
Attorneys for Debtor-In-Possession, Basil Raffo

---

[1] If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.
[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1180

# ATTACHMENT A TO NOTICE OF INTENDED ACTION

## A. NATURE OF CONTROVERSY

Basil Raffo, debtor ("Debtor"), filed for bankruptcy protection under 11 U.S.C. on July 10, 2007 (the "Petition Date") in the United States Bankruptcy Court in the Southern District of California as a chapter 7 bankruptcy as case number 07-03657 (the "Raffo Bankruptcy") thereby creating a bankruptcy estate with an interest in all of Debtor's pre-petition properties and claims. Debtor and Rita Yako ("Yako") were formerly married under the laws of the State of California. Prior to the Petition Date, on July 27, 2006, Yako filed an action for divorce in the Eastern County of the California Superior Court for the County of San Diego, case number ED68277 (the "Divorce Action"). On January 31, 2008, Yako filed a complaint to determine the dischargeability of indebtedness under 11 U.S.C. § 523(a) and an objection to the Defendant's discharge under 11 U.S.C. § 727, case number 08-90039 (the "Adversarial Complaint").

## B. TERMS OF SETTLEMENT.

Debtor agrees to deliver to Yako a one half interest in the real property best known as 2135 Greenwick Road, El Cajon, CA. 92019 ("Subject Property"). Yako shall take a one half interest in the Subject Property as a tenant in common with Debtor. The delivery of this one half interest in the Subject Property is made directly in relation to Yako's interest in the Subject Property through the Divorce Action.

Debtor shall pay to Yako $2,000 a month in support payments beginning on September 15, 2008 and continuing until Yako remarries or upon the death of Debtor or Yako. Payments shall continue until either Debtor or Yako are deceased. These payments of $2,000 are intended as support payments related to Debtor's support obligations under the Divorce Action.

Debtor agrees to bring any and all mortgages on the Subject Property current and to continue making all mortgage payments in the future until such time as the Subject Property is free of any and all encumbrances. Debtor has agreed to maintain the mortgage on the Subject Property in order to maintain his interest on the Subject Property, with the understanding that Yako would likely be unable to make such payments.

Yako agrees to dismiss the Divorce Action and the Adversarial Complaint. Debtor and Yako agree to settle all disputes alleged in those actions thereby resolving all pending claims against made as against each other. The dismissal of the Adversarial Complaint shall be subject to the approval of the Bankruptcy Court. Debtor and Yako have acknowledged that there has been no monetary settlement for the dismissal of the Section 727 causes of action and there has been no violation of 18 USC Section 152.

C.     **BENEFIT TO ESTATE.**

The benefit to the Debtor and the Debtor's estate is clear. The Debtor resolves all disputes with Ms. Yako and prevents further administrative expenses from being incurred. The Debtor resolves all disputes with Ms. Yako with relation to the Adversarial Action and the Divorce Action and all parties will be contractually required to go through with the settlement. The Subject Property was previously abandoned by the Debtor's estate, so no limitation is being placed on the estate or its assets. Also, the ongoing payments owed to Yako are not coming from the Debtor's estate, but from Debtor's current earnings.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter "Settlement Agreement") is made and entered into as of this __ day of August 2008, by and between Basil Raffo, an individual, as debtor, in that certain chapter 7 bankruptcy case, ("Raffo") on the one hand, and Rita Yako ("Yako") an individual on the other hand, hereinafter collectively referred to as the "Parties".

## RECITALS

WHEREAS, Raffo and Yako were formerly married under the laws of the State of California. On July 27, 2006, Yako filed an action for divorce in the Eastern County of the California Superior Court for the County of San Diego, case number ED68277 (the "Divorce Action").

WHEREAS, Raffo, filed for bankruptcy protection under 11 U.S.C. on July 10, 2007(the "Petition Date") in the United States Bankruptcy Court in the Southern District of California as a chapter 7 bankruptcy as case number 07-03657 (the "Raffo Bankruptcy") thereby creating a bankruptcy estate with an interest in all of Raffo's pre-petition properties and claims.

WHEREAS, on January 31, 2008, Yako filed a complaint to determine the dischargeability of indebtedness under 11 U.S.C. § 523(a) and an objection to the Defendant's discharge under 11 U.S.C. § 727, case number 08-90039 (the "Adversarial Complaint").

NOW THEREFORE, based on the mutual promises, conditions, and covenants contained herein, the Parties have settled their disputes as follows:

## TERMS & CONDITIONS

1.  **Agreement to Transfer Real Property**

    Raffo agrees to deliver to Yako a one half interest in the real property best known as 2135 Greenwick Road, El Cajon, CA. 92019 ("Subject Property"). Yako shall take a one half interest in the Subject Property as a tenant in common with Raffo. The delivery of this one half interest in the Subject Property is made directly in relation to Yako's interest in the Subject Property through the Divorce Action.

2.  **Payment of Support Obligations.**

    Raffo shall pay to Yako $2,000 a month in support payments beginning on September 15, 2008 and continuing until Yako remarries or upon the death of Raffo or Yako. Payments shall continue until either Raffo or Yako are deceased. These payments of $2,000 are intended as support payments related to Raffo's support obligations under the Divorce Action.

1

3. **Payment of Mortgage on Subject Property**

Raffo agrees to bring any and all mortgages on the Subject Property current and to continue making all mortgage payments in the future until such time as the Subject Property is free of any and all encumbrances. Raffo has agreed to maintain the mortgage on the Subject Property in order to maintain his interest on the Subject Property, with the understanding that Yako would likely be unable to make such payments.

4. **Dismissal of Divorce Action and Adversarial Complaint.**

Yako agrees to dismiss the Divorce Action and the Adversarial Complaint. Raffo and Yako agree to settle all disputes alleged in those actions thereby resolving all pending claims against made as against each other. The dismissal of the Adversarial Complaint shall be subject to the approval of the Bankruptcy Court and Debtor and/or Yako shall file a notice and motion to approve this Agreement. Raffo and Yako acknowledge that there has been no monetary settlement for the dismissal of the Section 727 causes of action and there has been no violation of 18 USC Section 152.

5. **Release from All Claims**

Except for the obligations arising out of this Settlement Agreement, Raffo on the one hand and Yako on the other hand, hereby forever waive, release, acquit and discharge from the beginning of time and into the future, each other and their respective partners, officers, directors, shareholders, agents, employees, partner companies, subsidiaries, affiliates, members, attorneys, experts, representatives, insurers, successors, assigns and heirs, of and from any and all sums of money, accounts, claims, demands, contracts, actions, liabilities, deaths, controversies, agreements, damages, and causes of action whatsoever, of whatever kind or nature, whether known or unknown, ("Claims") which the Parties now own, hold, have, claim to have, or may have in the future.

6. **Enforcement of this Agreement**

The Parties understand and agree that this Agreement shall be construed under, and interpreted in accordance with the laws of the State of California, and that this Agreement may be enforced pursuant to California Code of Civil Procedure § 664.6. Any actions to enforce the terms and conditions of the Agreement shall be brought in the United States Bankruptcy Court for the Southern District of California.

7. **No Admission of Liability.**

The Parties desire to settle all disputes, differences and disagreements which now exist, relating to any implied or expressed claims regarding the Agreement, Project, Property, Services, and Action. The Parties hereto deny any wrongdoing, tortious, illegal or unreasonable conduct, statutory or regulatory violation or liability whatsoever on their part. Each of the Parties have concluded that it is in its best interest to settle the differences and disputes upon the terms and conditions set forth herein, and in doing so, does not admit, concede or imply that it has done anything wrong or legally actionable.

2

8. **Legal Capacity**

Each individual signing this Settlement Agreement warrants and represents that he/she has full authority to execute this Settlement Agreement on behalf of the party on whose behalf he/she so signs. Provided, however, the effectiveness of this Agreement is subject to Bankruptcy Court approval.

9. **Counterparts**

This Settlement Agreement may be executed in multiple counter-part copies, which, when taken together, shall constitute one original Settlement Agreement.

10. **Severability**

In the event any provision of this Settlement Agreement is unenforceable, such provision shall not effect the enforceability of any other provision hereof.

11. **Successors and Assigns**

The agreements, undertakings, acts and other things done or to be done by the Parties in this Agreement shall run to, inure to the benefit of, and be binding upon the Parties and their heirs, successors, executors, administrators and assigns.

12. **Warranty of No Transfer**

The Parties hereby represent and warrant that they have not heretofore assigned and transferred, or purported to have assigned or transferred to any person, firm or corporation whatsoever, any of the claims released under this Settlement Agreement.

13. **No Third Party Beneficiary**

This Settlement Agreement and the performance of the Parties' obligations hereunder are for the sole and exclusive benefit of the Parties. No other person or entity who is not a signatory to this Settlement Agreement, shall be deemed to be benefitted or intended to be benefitted by any provision hereof, and no such person or entity shall acquire any rights or causes of action against the Parties hereunder.

14. **Joint Product**

This Settlement Agreement is the product of bargained for, arm's length negotiations between the Parties and their counsel and shall not be construed for or against the Parties or their representative(s).

15. **Entire Agreement**

This Settlement Agreement constitutes the entire agreement between the Parties and it is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by a writing duly executed by authorized representatives of the agreeing Parties hereto.

IN WITNESS HEREOF, the undersigned have executed this Agreement as of the date hereinabove first stated:

**"Raffo"**

By: _____
     Basil Raffo

**"Yako"**

By: _____
     Rita Yako

John L. Smaha, Esq.  Bar No. 95855
Gustavo E. Bravo, Esq. Bar No. 218752
**SMAHA LAW GROUP APC**
7860 Mission Center Ct., Ste. 100
San Diego, California 92108
(619) 688-1557  Telephone
(619) 688-1558  Facsimile

Attorneys for Debtor, Basil Raffo

## UNITED STATES BANKRUPTCY COURT
## SOUTHER DISTRICT OF CALIFORNIA

**DECLARATION OF SERVICE**          Case No. 07-03657
                                     *In Re, Basil Raffo, Debtor*

    I am employed in the City of San Diego, California.  I am over the age of 18 and not a party to the within action.  My business address is 7860 Mission Center Court, Suite 100, San Diego, California 92108.

    On January 9, 2009, I caused to be served the following document(s) described as:

1.     **NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

in this action by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| OFFICE OF THE U.S. TRUSTEE<br>Department of Justice<br>402 West Broadway, Ste. 600<br>San Diego, CA 92101 | Mariaelena Powell<br>Wells Fargo Bank<br>BDD-Bankruptcy Dept.<br>PO Box 53476<br>Phoenix, AZ 85072<br>(888) 715-4315<br>(602) 528-9447 (Fax)<br>*Attorneys for Creditor Wells Fargo Bank* |
| Gary B. Rudolph, Esq.<br>James F. Lewin, Esq.<br>Sparber, Rudolph & Annen, APLC<br>701 "B" Street, Ste. 1000<br>San Diego, CA 92101<br>(619) 239-3600<br>*Attorneys for Gerald H. Davis, Trustee* | **ATTACHED IS ADDITIONAL SERVICE LIST** |

[ ]     **(BY MAIL)** I served the individual named by placing the documents in a sealed envelope.  I then placed it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practice.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **January 9, 2009**, San Diego, California.

                                                    */s/ Amelda M. Johnson*
                                                  Amelda M. Johnson

1

## SERVICE LIST

Bank Of America
PO Box 15714
Wilmington, DE 19886

Bank Of The West
9832 Campo Road
Spring Valley, CA 91977

Basie & Fritz
3638 Camino Del Rio N Suite 280
San Diego, CA 92108

Charles Garlow
Noon & Associates
501 West Broadway, Ste. 710
San Diego, CA 92101

Discover
PO Box 30943
Salt Lake City, UT 84130

Dr. Stephen E. Doyne
Scripps Memorial Hospital
9834 Genese Avenue, Ste. 321
La Jolla, CA 92037

Eilar Associates
539 Encinitas Blvd Suite 206
Encinitas, CA 92024

Landmark Engineering Corp
2605 Camino Del Rio South
San Diego, CA 92108

Lease Finance Group, LLC
233 N. Michigan Avenue, Ste. 1800
Chicago, IL 60601-5802

Rony Georges
881 Terra Ln
El Cajon, CA 92019

Ryan Credit Service
2529 Fletcher Parkway
El Cajon, CA 92020

Samir Toma
14747 Wild Colt Pl
Jamul, CA 91935

Toyota Financial Services
PO Box 60116
City Of Industry, CA 91716

Wells Fargo
PO Box 348750
Sacramento, CA 95834

Rita Yako
2135 Greenwick Rd
El Cajon, CA 92019

Chase
PO Box 260161
Baton Rouge, LA 70826

Everhome Mortgage Co
PO Box 2167
Jacksonville, FL 32232

Toyota Financial Services
PO Box 60116
City Of Industry, CA 91716

Washington Mutual
PO Box 78148
Phoenix, AZ 85062

Washington Mutual
PO Box 78065
Phoenix, AZ 85062